IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **HANK'S SPECIALTIES, INC.,** a Minnesota corporation, for the use and benefit of the United States of America, | ) ) ) ) ) | **CASE NO. 8:07CV13** |
| **Plaintiff,** | ) ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| **WALSH CONSTRUCTION COMPANY,** an Illinois corporation, | ) ) ) | |
| **Defendant.** | ) | |

The matters before the Court are the Defendant's Motion to Dismiss for Lack of Proper Venue (Filing No. 8), and the joint Motion and Stipulation to Transfer (Filing No. 11). The Plaintiff Hank's Specialties, Inc. ("Hank's") is a Minnesota corporation authorized to do business in Nebraska. Hank's alleges in its Complaint that the United States entered into a contract in excess of $100,000 with the Defendant, Walsh Construction Company ("Walsh"), for the construction, alteration, or repair of a public building or public work of the United States in Fort Riley, Kansas; that Walsh subcontracted work to Floor's & More, Inc. ("Floor's"); and that Floor's entered into another subcontractor agreement with Hank's. (Filing No. 1 ¶¶ 4–7). Hank's does not allege any contractual relationship between itself and Walsh.

Pursuant to the Miller Act, "[b]efore any contract of more that $100,000 is awarded for construction, alteration, or repair of any public building or public work of the Federal Government," certain security bonds must be furnished to the government by the primary contractor, which become binding when a contract is awarded. 40 U.S.C. § 3131(b). Such bonds are "required by the Act for the protection of persons supplying labor and materials

in the prosecution of work provided for under government contract." *United States of America for the Use & Benefit of the Caswell Equip. Co. v. Fidelity & Deposit Co.*, 494 F. Supp. 354, 356 (D. Minn. 1980). To be eligible to make a claim on the bond, a person providing the labor and materials must have a contractual relationship with either the prime contractor or a subcontractor. *J. W. Bateson Co. v. United States ex rel. Bd. of Trustees*, 434 U.S. 586, 587 (1978). However, under the Act, "[a] person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond *on giving written notice to the contractor within 90 days* from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made." 40 U.S.C. § 3133(b)(2) (emphasis added). Such notice is a "condition precedent to the existence of a right of action." *United States for Use of Bruce Co. v. Fraser Constr. Co.*, 87 F. Supp. 1, 2 (W.D. Ark. 1949) (citing *United States for Use and Benefit of Am. Radiator & Standard Sanitary Corp. v. Northwestern Eng'g Co.*, 122 F.2d 600 (8th Cir. 1941)). In other words, for a Miller Act cause of action to exist in a case where the plaintiff is an entity that has no contractual relationship with the entity required to secure the bond, the notice requirement must be sufficiently pled in the plaintiff's complaint. Otherwise, there is no Miller Act cause of action and, consequently, no independent basis for federal jurisdiction.

Although no party currently contests this Court's subject matter jurisdiction, it is always the duty of a federal court to examine its own jurisdiction over a matter and address any subject matter jurisdiction defect that might arise. *See, e.g.*, *Wis. Dept. of Corr. v.*

*Schacht*, 524 U.S. 381, 382 (1998) ("No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own."). The Complaint in this case alleges that "Plaintiff made *due and proper demand* on Defendant." (Filing No. 1 ¶ 11(emphasis added)). However, the Complaint does not specifically state (1) that *written* notice was given, or (2) that such notice was given *within 90 days* of the final performance of work or delivery of materials. Construing the Complaint liberally and drawing all inferences in favor of Hank's, however, I will presume the existence of federal jurisdiction for purposes of the pending motion.

If there is indeed federal jurisdiction, the United States District Court for the District of Kansas is clearly the proper court to bring the present action. "Venue—A civil action brought under this subsection must be brought—(A) in the name of the United States for the use of the person bringing the action; and (B) in the United States District Court for any district in which the contract was to be performed and executed . . . ." 40 U.S.C. § 3133(b)(3)(A)–(B). Both parties have stipulated that the contract at issue in this case was performed in the State of Kansas and executed in part in the State of Kansas. (Filing No. 11 ¶ 3).

Although I am hesitant to transfer a case where federal jurisdiction is not clear and certain, it appears that any further examination of that issue would best be done in the court of proper venue.

IT IS ORDERED:

1. The Defendant's Motion to Dismiss for Lack of Proper Venue (Filing No. 8) is dismissed as moot;

2. The joint Motion and Stipulation to Transfer (Filing No. 11) is granted; and

3

3. The Clerk of the Court is directed to transfer this matter to the United States District Court for the District of Kansas.

DATED this 19th day of April, 2007.

                                            BY THE COURT:

                                            s/Laurie Smith Camp
                                            United States District Judge